UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:21-CV-422-AGF ) ) |
| C&S PROPERTIES, LLC, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Donald Cooksey's motion to dismiss the case or stay proceedings in this action for declaratory judgment on an insurance coverage dispute invoking the Court's diversity jurisdiction. ECF No. 25. For the reasons set forth below, the motion will be denied.

**I.     BACKGROUND**

Defendant C&S, d/b/a D's Place, is a restaurant and bar in the City of St. Louis. In February 2018, Defendant Cooksey was a patron at D's Place when he was punched in the face by another patron, knocking him unconscious and causing serious injury. In August 2020, Cooksey filed a personal injury lawsuit against C&S in state court alleging that C&S was negligent in failing to intervene, assist, or protect him from harm. Cooksey also alleged that C&S was negligent by violating Missouri liquor laws in failing to prevent or suppress the assault. This underlying lawsuit remains pending in state court.[1]

---

[1]     *Donald Cooksey v. C&S Properties LLC, d/b/a D's Place*, Case No. 2022-CC09704, Circuit Court of the City of St. Louis, Missouri.

1

At the time of the incident, C&S carried commercial general liability insurance under a policy issued by Plaintiff Certain Underwriters at Lloyd's, London ("Lloyd's").  In April 2021, Lloyd's filed the present action for declaratory judgment against C&S and Cooksey seeking a declaration that Lloyd's has no duty to defend or indemnify C&S against Cooksey's claims in the underlying suit by virtue of policy exclusions for assault and battery, liquor liability, and punitive damages.[2]

In response, Cooksey filed the present motion to dismiss the complaint or, alternatively, to stay the proceedings on the theory that Lloyd's complaint here is not yet ripe while the underlying negligence suit remains pending in state court.[3]  Cooksey also asserts that Lloyd's complaint fails to state a claim upon which relief can be granted because C&S *is* entitled to a defense under the policy.  Though Cooksey brings his motion pursuant to Federal Rule of Civil Procedure 12(b)(6), Rule 12(b)(1) also applies insofar as Cooksey's ripeness theory challenges this Court's subject matter jurisdiction.

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(1)

Rule 12(b)(1) permits a party to challenge a federal court's jurisdiction over the subject matter of the complaint.  The party invoking jurisdiction has the burden of establishing it.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Federal jurisdiction under Article III

---

[2] Lloyd's is defending C&S in the state court suit under a reservation of rights.  ECF No. 28 at 3.  C&S has not filed an answer in the present action and is in default.  However, in order to avoid inconsistent judgments, Lloyd's motion for default judgment against C&S (ECF No. 36) will be denied without prejudice in a separate Order entered concurrent with this Order.

[3] Lloyd's filed its latest Amended Complaint as an exhibit to its motion for leave to amend on June 17, 2021.  ECF No. 23.  Cooksey's present motion to dismiss, dated July 1, 2021, challenges this current version of the complaint, which was detached and entered into the docket on July 6, 2021.

requires a case or controversy that is ripe and a plaintiff who has standing. *Archdiocese of St. Louis v. Sebelius*, 920 F. Supp. 2d 1018, 1024 (E.D. Mo. 2013) (citations omitted). Ripeness is a question of *when* an action may be brought. *Id*.

When reviewing a motion under Rule 12(b)(1), the Court must determine whether the movant's attack on jurisdiction is "facial" or "factual." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). If a movant raises a factual attack, then the Court may consider matters outside the pleadings. *Id*. If the attack is facial, then "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id*. Because Cooksey has not "challenge[d] the veracity of the facts underpinning subject matter jurisdiction," the Court construes Cooksey's motion as a facial attack subject to the standards of Rule 12(b)(6). *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018) (citation omitted).

### B.     Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint must be dismissed for failure to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pleadings must include sufficient factual information to provide notice and the grounds on which the claim rests and "to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (citation

3

omitted). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).

### C. Missouri Law

This case invokes the Court's diversity jurisdiction, and "[s]tate law controls the construction of insurance policies." *J.E. Jones Const. Co. v. Chubb & Sons, Inc.*, 486 F.3d 337, 340 (8th Cir. 2007). "Missouri courts read insurance contracts 'as a whole and determine the intent of the parties, giving effect to that intent by enforcing the contract as written.'" *Lafollette v. Liberty Mut. Fire Ins. Co.*, 139 F. Supp. 3d 1017, 1021 (W.D. Mo. 2015) (citing *Thiemann v. Columbia Pub. Sch. Dist.*, 338 S.W.3d 835, 840 (Mo. App. W.D. 2011)). "Policy terms are given the meaning which would be attached by an ordinary person of average understanding if purchasing insurance." *Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 763 (8th Cir. 2020) (applying Missouri law) (quotations omitted).

## III. DISCUSSION

Cooksey contends that Lloyd's complaint seeking declarations regarding its duties to defend and indemnify C&S in Cooksey's underlying negligence lawsuit is not ripe because that suit is still pending. Cooksey also asserts that Lloyd's has failed to state a claim under Rule 12(b)(6) because Lloyd's *does* have duty to defend the underlying suit given the mere possibility of liability under the policy. Cooksey urges the Court to either dismiss this action or stay proceedings pending resolution of the state court case.

### A. Lloyd's Procedural Challenges

As a preliminary matter, Lloyd's argues that Cooksey's present motion should be denied as procedurally deficient because Cooksey did not file a separate memorandum in support of the

4

motion, in violation of Local Rule 4.01(A).  ECF No. 28 at 5.  The Court may strike or summarily deny a motion when filed "without *any* supporting legal arguments." *Pearlstone v. Costco Wholesale Corp.*, No. 4:18CV630 RLW, 2019 WL 764708, at *7 (E.D. Mo. Feb. 21, 2019) (citing *United States v. Johnson*, No. 4:05-CR-719-CEJ/MLM, 2006 WL 156712, at *1 (E.D. Mo. Jan. 20, 2006), and *Mayo v. Christian Hosp. Ne.-Nw.*, 962 F. Supp. 1203, 1204 n.2 (E.D. Mo. 1997)).  (emphasis in original).  However, "[w]hile perhaps not in compliance with the exact requirement of Local Rule 4.01(A), it is relatively common for litigants to file combined motions and memoranda in support." *Id*.  Here, Cooksey's motion contains adequate legal arguments and authorities, and the Court prefers to resolve issues on their merits whenever possible.

Lloyd's also argues that Cooksey's motion improperly cites to matters outside the pleadings, such as the insurance policy and the underlying petition.  ECF No. 28 at 4.  Lloyd's thus asks the Court to either exclude these references and deem Cooksey's motion improper under Rule 12(b)(6) or, alternatively, treat Cooksey's motion to dismiss as a motion for summary judgment under Rule 12(d).  This argument is not well-taken.  Lloyd's itself references both the policy and the underlying petition in its own complaint and attaches the policy to the complaint.  ECF No. 27-2.  Courts may consider documents attached to the complaint and matters of public and administrative record referenced in the complaint.  *Owens v. General Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008).

**B.     Ripeness**

In its complaint, Lloyd's asks the Court to determine whether it must defend and indemnify C&S in the underlying negligence suit.  In his present motion to dismiss, Cooksey asserts that these issues are not ripe for determination at this time.  "The ripeness doctrine flows

5

both from the 'cases' and 'controversies' requirement in Article III of the United States Constitution, as well as from prudential considerations for refusing to exercise jurisdiction." *Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037 (8th Cir. 2000). The basic rationale of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* A declaratory judgment action *can* be sustained if no injury has yet occurred, but, before a claim is ripe for adjudication, the plaintiff must face an injury that is "certainly impending." *Pub. Water Supply Dist. No. 8 of Clay Cty. v. City of Kearney,* 401 F.3d 930, 932 (8th Cir. 2005).

To determine if a matter is ripe in a diversity case, the Court looks to applicable rules under Missouri substantive law. *See Country Mut. Ins. Co. v. Med. Weight Loss Centers, LLC*, No. 4:18 CV 1560 DDN, 2019 WL 2251201, at *2 (E.D. Mo. Feb. 8, 2019). In Missouri, the duty to defend and the duty to indemnify are separate and distinct contractual obligations requiring separate analyses. *Piatt v. Ind. Lumbermen's Mut. Ins. Co.*, 461 S.W.3d 788, 792 (Mo. 2015). An insurer's duty to defend is broader than its duty to indemnify. *Spencer v. Hartford Cas.*, 556 S.W.3d 679, 683 (Mo. App. E.D. 2018). "Missouri law is clear that where there is no duty to defend, there is no duty to indemnify." *Sprint Lumber, Inc. v. Union Ins. Co.*, 627 S.W.3d 96, 114 (Mo. App. W.D. 2021). The duty to defend arises from the potential liability to pay based on the facts as they appear at the outset of the case. *Id*. On the other hand, the duty to indemnify is determined by the facts as they are established at trial or otherwise finally determined through summary judgment or settlement. *Id*.

Given that the duty to defend is broader than the duty to indemnify, if a court determines that there is no duty to defend, then there is no duty to indemnify even if the underlying facts of the original case still have not been determined. *See, e.g., Superior Equip. Co. v. Md. Cas. Co.*,

6

986 S.W.2d 477, 485 (Mo. App. E.D. 1998) ("[W]e find there is no duty to indemnify on the part of American and TIG because these insurers have no duty to defend."). Thus, though the determination of the duty to indemnify typically must await the facts established at trial, if Lloyd's can meet its burden of proving that there is no possibility of policy coverage for C&S's defense of the underlying lawsuit, then this Court may also declare that Lloyd's has no duty to indemnify C&S for any resulting liability.

i. **The Duty to Defend**

Unlike the duty to indemnify, the duty to defend "arises whenever there is a potential or possible liability to pay based on the facts at the outset of the case and is not dependent on the probable liability to pay based on the facts ascertained through trial." *McCormack Baron Mgmt. Servs., Inc. v. Am. Guarantee & Liability Ins. Co.*, 989 S.W.2d 168, 170 (Mo. 1999). The duty to defend "is determined by comparing the language of the insurance policy with the allegations in the complaint." *Id.*; *see also Interstate Bakeries Corp. v. OneBeacon Ins. Co.*, 686 F.3d 539, 542 (8th Cir. 2012) (holding that the duty to defend is to be determined from the cause of action pleaded at the time the action is commenced, not from what a later investigation or trial of the case may show the true facts to be). "Given that under Missouri law the determination of whether a liability insurer has a duty to defend an insured ought to be made at the outset of the underlying suit, it is plain that there is an existing case or controversy and ripeness sufficient to withstand [defendant's] motion to dismiss." *Med. Weight Loss Centers, LLC*, 2019 WL 2251201, at *3; *see also Amerisure Mut. Ins. Co. v. Paric Corp.*, No. 4:04-CV-430-DJS, 2005 WL 2708873, at *4 (E.D. Mo. Oct. 21, 2005) (duty to defend was ripe despite pendency of underlying litigation); *Argonaut Great Cent. Ins. Co. v. Lincoln Cty.,* No. 4:17-CV-00762-JAR, 2018 WL 3756767, at *9 (E.D. Mo. Aug. 8, 2018) (finding a duty to defend but withholding a

7

ruling on the duty to indemnify due to the unresolved status of the underlying action). According to the foregoing precedent, Lloyd's claim in pursuit of a declaration with respect to its duty to defend is unquestionably ripe.

### ii. The Duty to Indemnify

Under Missouri Supreme Court precedent, a court cannot decide whether an insurer has a duty to indemnify until the facts have been conclusively established at trial because the duty to indemnify arises only after the plaintiff in the underlying lawsuit succeeds in its claim against the insured. *McCormack*, 989 S.W.2d at 173-74. This district has cautioned that ruling on the duty to indemnify before the obligation to pay has been established in the underlying litigation would constitute an advisory opinion. *See Shapiro Sales Co. v. Alcoa, Inc.*, No. 4:06-CV-638-CDP, 2006 WL 2228987, at *3 (E.D. Mo. Aug. 3, 2006); *Amerisure Mut. Ins. Co.*, 2005 WL 2708873 at *9.

On the other hand, Lloyd's maintains that a declaratory judgment action is ripe regardless of whether the underlying litigation remains pending. In support of its position, Lloyd's cites *Scottsdale Ins. Co. v. Universal Crop Protection Alliance, LLC*, where the Eighth Circuit stated, "In the insurance policy coverage context, a declaratory judgment action is ripe irrespective of whether the underlying litigation is ongoing or resolved." 620 F.3d 926, 934 (8th Cir. 2010) (citing *Capitol Indemnity Corp. v. Miles*, 978 F.2d 437 (8th Cir. 1992)). In *Capitol Indemnity*, a Missouri case, the Eighth Circuit deemed a liability insurer's suit for declaratory judgment ripe and justiciable, even though an underlying suit had not been resolved, where the insurer took the position that there were no circumstances under which it could owe the insured any money. *Capitol Indemnity*, 978 F.2d at 438. The Eighth Circuit noted that, when an insurer seeks a declaratory judgment establishing it has no duty to indemnify, the insurer is in "no different

position . . . from that occupied by insurers who deny that coverage exists under their policy for liabilities of their insureds that are contingent or unadjudicated." *Id.* at 438. In such cases, "the lines are drawn, the parties are at odds, the dispute is real." *Id.*

Based on this Eighth Circuit precedent, Lloyd's claim seeking a declaration on its duty to indemnify is ripe for purposes of subject matter jurisdiction and thus survives Cooksey's present motion to dismiss on this basis. However, if, at a later stage and on a fuller record, the Court determines that a ruling on the merits of the parties' indemnity coverage dispute hinges on resolution of the underlying state court case, then a stay of these proceedings may be appropriate at that time.

### C. Lloyd's Duty to Defend

As a separate theory for dismissal, Cooksey asserts that, to the extent Lloyd seeks a declaration that it has no duty to defend C&S in the underlying lawsuit, the complaint fails to state a claim on which relief can be granted because Lloyd's is at least potentially obligated to provide a defense under the policy. In short, Cooksey disputes the merits of Lloyd's complaint on this issue.[4] In response, Lloyd's contends that its pleadings are sufficient to withstand dismissal, and the merits are not before the Court at this stage.

The duty to defend arises when there is a mere possibility or potential for coverage at the outset of the case. *Piatt*, 461 S.W.3d at 792. It hinges on facts "(1) alleged in the petition; (2) [that] the insurer knows at the outset of the case; or (3) that are reasonably apparent to the insurer at the outset of the case." *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548, 553 (Mo. 2014). The duty to defend the underlying action arises as long as some claim in the complaint has a

---

[4] Cooksey appears essentially to seek a judgment on the pleadings pursuant to Rule 12(c) but does not style his motion as such. The Court reviews the motion as presented, pursuant to the legal standards of Rule 12(b)(6).

9

possibility of being covered, even if other claims are not covered.  *Wood v. Safeco Ins. Co. of Am.*, 980 S.W.2d 43, 47 (Mo. App. E.D. 1998); *see also The Renco Grp., Inc. v. Certain Underwriters at Lloyd's, London*, 362 S.W.3d 472, 480 (Mo. App. E.D. 2012) (the duty to defend arises when potentially covered claims are present even though claims beyond coverage may also be present).  Nevertheless, "use of the word 'potentially' does not render boundless the duty to defend."  *Interstate Bakeries*, 686 F.3d at 544.  An insurer does not have a duty to defend a suit where the petition "upon its face alleges a state of facts which fail to bring the case within the coverage of the policy."  *Century Sur. Co. v. Euro, Inc.*, No. 4:12-CV-1320-CEJ, 2013 WL 2292043, at *3 (E.D. Mo. May 24, 2013) (quoting *Trainwreck West Inc. v. Burlington Ins. Co.*, 235 S.W.3d 33, 42 (Mo. App. E.D. 2007).

Cooksey's allegations of negligence against C&S in the underlying lawsuit include:

a. Failing to provide adequate security to protect its patrons from danger;
b. Failing to provide appropriate security measures to prevent or suppress violent quarrels, disorders, brawls, fights, riots and other improper or unlawful conduct;
c. Failing to have an adequate plan, protocol, or process in place to prevent or suppress violent quarrels, disorders, brawls, fights, riots and other improper or unlawful conduct on or about its premises;
d. Failing to adequately train security personnel on or before February 8, 2018;
e. Failing to adequately screen individuals permitted to enter its premises;
f. Failing to adequately monitor individuals permitted to enter its premises;
g. Failing to warn its patrons of the risk of injury or death;
h. Failing to warn Plaintiff and others of the numerous violent quarrels, disorders, brawls, fights, riots and other improper or unlawful conduct that had occurred prior to February 8, 2018; and
i. Failing to prevent or suppress the injuries suffered by Plaintiff.

In its complaint, Lloyd's pleads that Cooksey's claims are not covered because the policy excludes injuries arising out of assault, battery, or other harmful or offensive contact. ECF No. 27-2, at 101.  This exclusion applies "whether or not the acts are alleged to be by or at the

direction of the insured" and "whether or not the acts arose out of the alleged failure of any insured in the hiring or supervision of any person, or . . . the alleged failure of any insured to prevent or suppress such acts." ECF No. 27-2, at 101.  The policy also excludes bodily injury caused by the intoxication of any person.  ECF No. 27-2, at 86.  This liquor liability exclusion "applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training, or monitoring of others by that insured."  ECF No. 27-2, at 86.  Finally, the policy excludes coverage for punitive, exemplary, or multiple damages.  ECF No. 27-2, at 103.  Missouri appellate precedent instructs that, "[w]here a plaintiff's negligence claim arises out of an assault or battery, the assault or battery exclusion bars coverage of the insured's negligence claim." *Trainwreck*, 235 S.W.3d at 44.

Nevertheless, Cooksey maintains that defense coverage is still available under the policy by virtue of the "concurrent proximate cause rule," which states that, "where an insured risk and an excluded risk constitute concurrent proximate causes of an accident, a liability insurer is liable as long as one of the causes is covered by the policy." *Braxton v. United States Fire Ins. Co.*, 651 S.W.2d 616, 619 (Mo. App. E.D. 1983).  For the concurrent proximate cause rule to apply, "the injury must have resulted from a covered cause that is truly 'independent and distinct' from the excluded cause."  *Taylor v. Bar Plan Mut. Ins. Co.*, 457 S.W.3d 340, 348 (Mo. 2015) (quoting *Am. States Ins. Co., Inc. v. Porterfield*, 844 S.W.2d 13, 14 (Mo. App. W.D. 1992)).  To make this determination, "Missouri courts examine whether each alleged cause could have independently brought about the injury." *Allstate Ins. Co. v. Blount*, 491 F.3d 903, 911 (8th Cir. 2007).

For example, in *Hunt v. Capitol Indem. Corp.,* 26 S.W.3d 341 (Mo. App. E.D. 2000), the plaintiffs sued a bar owner for negligence after their son was stabbed by an intoxicated patron.

11

The plaintiffs prevailed and sought to collect the judgment under the owner's commercial general liability policy, but the insurer denied coverage by application of an assault and battery exclusion in the policy. The court held that the concurrent proximate cause rule did not apply because the negligence was not distinct from the assault and battery; rather, they were related and interdependent. *Id.* at 345.; *see also Allstate*, 491 F.3d at 912 (concurrent proximate cause doctrine would not apply unless the defendant's negligent failure to supervise, control, protect, and provide assistance to the victim could have independently caused the victim's death); *Safeco Ins. Co. of Am. v. Schweitzer*, 372 F. Supp. 3d 884, 893 (W.D. Mo. 2019) (covered cause of negligence was not independent and distinct from excluded cause of sexual misconduct when there would have been no injury and no basis for the action without the excluded cause); *Nationwide Affinity Ins. Co. v. Rutledge*, No. 4:15-CV-1757-RWS, 2017 WL 85907, at *5 (E.D. Mo. Jan. 10, 2017) ("[W]ithout the excluded assault and battery, [plaintiff] would not have been injured and there would be no basis for [plaintiff]'s action against [defendant]. Therefore, the concurrent proximate cause doctrine does not require coverage under the circumstances.").

Based on this precedent and the policy language set forth in Lloyd's complaint, the Court finds that Lloyd's has adequately *pleaded* that it does not have a duty to defend C&S under the policy. Cooksey's arguments going to the merits of the issue are not properly before the Court at this time. For the same reason, Cooksey's bare assertion that the policy is ambiguous only underscores the impropriety of dismissal on the pleadings. Courts have consistently held that insurance exclusions, such as assault and battery exclusions, are not ambiguous when the terms have commonly understood definitions. *See Trainwreck*, 235 S.W.3d at 40; s*ee also Century Sur. Co.*, 2013 WL 2292043, at *4. Lloyd's complaint sufficiently pleads "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## CONCLUSION

Under Missouri law, the determination of whether an insurer has a duty to defend an insured is made at the outset of the underlying suit, so Lloyd's claim for declaratory judgment on this issue is ripe and not subject to dismissal for lack of subject matter jurisdiction. Eighth Circuit precedent instructs that Lloyd's claim on its duty to indemnify is also ripe for purposes of jurisdiction, but Missouri law dictates that the question of indemnification cannot be decided absent resolution of the underlying tort case or a predicate finding that there is no duty to defend. Given this posture, the Court will deny Cooksey's motion to dismiss for lack of jurisdiction and will reserve for another day, when the merits are before it, the question whether a stay is warranted pending resolution of the state court case. Cooksey's remaining arguments in support of Lloyd's duty to defend C&S in the underlying suit invite a merits determination that is premature at this stage.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Cooksey's motion to dismiss is **DENIED**, and his motion to stay proceedings is **DENIED without prejudice.** ECF No. 25. A Rule 16 scheduling conference will be set by separate Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January 2022.