UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 4:21-CV-422-AGF |
| vs. | ) ) | |
| C&S PROPERTIES, LLC, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for summary judgment in this action for declaratory judgment on an insurance coverage dispute invoking the Court's diversity jurisdiction. Doc. 39. For the reasons set forth below, the motion will be granted.

## BACKGROUND

Defendant C&S, d/b/a D's Place, is a restaurant and bar in St. Louis. In February 2018, Defendant Donald Cooksey was a patron at D's Place when he was punched in the face by another patron, knocking him unconscious and causing serious injury. In August 2020, Cooksey filed a personal injury lawsuit against C&S in state court alleging that C&S was negligent in:

a. Failing to provide adequate security to protect its patrons from danger;
b. Failing to provide appropriate security measures to prevent or suppress violent quarrels, disorders, brawls, fights, riots and other improper or unlawful conduct;
c. Failing to have an adequate plan, protocol, or process in place to prevent or

1

      suppress violent quarrels, disorders, brawls, fights, riots and other improper or unlawful conduct on or about its premises;
   d. Failing to adequately train security personnel on or before February 8, 2018;
   e. Failing to adequately screen individuals permitted to enter its premises;
   f. Failing to adequately monitor individuals permitted to enter its premises;
   g. Failing to warn its patrons of the risk of injury or death;
   h. Failing to warn Plaintiff and others of the numerous violent quarrels, disorders, brawls, fights, riots and other improper or unlawful conduct that had occurred prior to February 8, 2018; and
   i. Failing to prevent or suppress the injuries suffered by Plaintiff.

This lawsuit remains pending in state court.[1]

At the time of the incident, C&S carried commercial general liability insurance under a policy issued by Plaintiff Certain Underwriters at Lloyd's, London ("Lloyd's"). As relevant here, the policy states as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
> ***
> This insurance does not apply to … "bodily injury" … arising out of (a) assault (b) battery … These exclusions apply regardless of: … whether or not the acts arose out of the alleged failure of any insured in the hiring or supervision of any person, or whether or not the acts arose out of the alleged failure of any insured to prevent or suppress such acts.

Doc. 39-4 at 13 and 101 (cleaned up).

In April 2021, Lloyd's filed the present action for declaratory judgment seeking a declaration that it has no duty to defend or indemnify C&S against Cooksey's claims in

---

[1] *Donald Cooksey v. C&S Properties LLC, d/b/a D's Place*, Case No. 2022-CC09704, Circuit Court of the City of St. Louis, Missouri.

the underlying suit. Lloyd's is defending C&S in the state court case under a reservation of rights. C&S has not filed an answer in the present case and is in default, but the Court denied Lloyd's earlier motion for default judgment against C&S in order to avoid the possibility of inconsistent judgments. Doc. 45. Additionally, Cooksey filed a motion to dismiss Lloyd's complaint for lack of subject matter jurisdiction, and more specifically for lack of ripeness. The Court denied that motion as well, reasoning that the duty to defend is determined at the outset of the lawsuit, and even the duty to indemnify is ripe for purposes of jurisdiction, though indemnity itself must await resolution of the underlying suit. Doc. 46. The Court reserved for another day a merits determination as to whether Lloyd's actually has a duty to defend and indemnify C&S under the policy. The Court now reaches that issue here.

Lloyd's asserts that it is entitled to summary judgment because Cooksey's personal injury claims against C&S are not covered by its policy; rather, his claims fall outside policy coverage by virtue of the above assault and battery exclusion and other exclusions for liquor liability and punitive damages. In response, Cooksey argues that, even if some of his claims are excluded, his failure-to-warn claim is not excluded and creates the possibility of coverage, thus triggering Lloyd's duty to defend C&S in the underlying suit. Lloyd's replies that Cooksey's failure-to-warn claim arose out of the assault and thus cannot be separated from excluded claims as a distinct covered event.

3

**LEGAL STANDARDS**

**Summary Judgment**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts must view facts in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**Contract Interpretation**

State law controls the interpretation of an insurance policy when a federal court has jurisdiction based on diversity. *J.E. Jones Const. Co. v. Chubb & Sons, Inc.*, 486 F.3d 337, 340 (8th Cir. 2007). "Missouri courts read insurance contracts 'as a whole and determine the intent of the parties, giving effect to that intent by enforcing the contract as written.'" *Lafollette v. Liberty Mut. Fire Ins. Co.*, 139 F. Supp. 3d 1017, 1021 (W.D. Mo. 2015) (citing *Thiemann v. Columbia Pub. Sch. Dist.*, 338 S.W.3d 835, 840 (Mo. App. W.D. 2011)). Policy terms are given the meaning that an ordinary person of average understanding would attach when purchasing insurance. *Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 763 (8th Cir. 2020). Ambiguities are resolved in favor of the insured. *Jensen v. Allstate Ins. Co.*, 349 S.W.3d 369, 374 (Mo. App. W.D. 2011) (citing *Burns v. Smith,* 303 S.W.3d 505, 511 (Mo. 2010)). Under Missouri law, the insured has the

burden of proving coverage, and the insurer has the burden of proving that an exclusion applies. *Am. Family Mut. Ins. Co. v. Co Fat Le*, 439 F.3d 436, 439 (8th Cir. 2006).

**Duty to Defend**

The duty to defend and the duty to indemnify are separate and distinct. *Piatt v. Indiana Lumbermen's Mut. Ins. Co.*, 461 S.W.3d 788, 792 (Mo. 2015). An insurer's duty to defend is broader than its duty to indemnify and arises from the possibility or potential for coverage as the facts appear at the outset of the case. *Id.* It is "determined by comparing the language of the insurance policy with the allegations in the complaint." *Interstate Bakeries Corp. v. OneBeacon Ins. Co.*, 686 F.3d 539, 542 (8th Cir. 2012). The duty to defend arises as long as some claim in the complaint has a possibility of being covered, even if claims beyond coverage may also be present. *The Renco Grp., Inc. v. Certain Underwriters at Lloyd's, London*, 362 S.W.3d 472, 480 (Mo. App. E.D. 2012). Nevertheless, "use of the word 'potentially' [within coverage] does not render boundless the duty to defend." *Interstate Bakeries*, 686 F.3d at 544. An insurer does not have a duty to defend a suit where the petition "upon its face alleges a state of facts which fail to bring the case within the coverage of the policy." *Century Surety Co. v. Euro, Inc.*, No. 4:12-CV-1320-CEJ, 2013 WL 2292043, at *3 (E.D. Mo. May 24, 2013) (quoting *Trainwreck West Inc. v. Burlington Ins. Co.*, 235 S.W.3d 33, 42 (Mo. App. E.D. 2007)).

Conversely, the duty to indemnify is determined by the facts as they are established at trial or otherwise finally determined through summary judgment or settlement. *Truck Ins. Exch. v. Prairie Framing, LLC*, 162 S.W.3d 64, 92 (Mo. App. W.D. 2005). However, if a court determines that there is no duty to defend, then there is

5

no duty to indemnify even if the underlying facts of the original case still have not been determined. *Superior Equip. Co. v. Maryland Cas. Co.*, 986 S.W.2d 477, 485 (Mo. App. E.D. 1998).

## DISCUSSION

In support of its motion for summary judgment, Lloyd's centrally argues that all of Cooksey's various theories of negligence comprise a single claim of bodily injury arising out of an assault and battery, which is excluded from coverage "regardless of whether or not" the specific allegation involved a failure in hiring/supervision or failure to prevent or suppress such acts. In short, Lloyd's avers that injuries from an assault are excluded no matter what negligent conduct allegedly caused it. Both the language of the policy exclusion and Missouri precedent support this position.

In *Trainwreck*, the plaintiff asserted that the defendant bar had a duty to protect her from an assault by a bouncer who ejected her. The appellate court held that the insurer had no duty to defend the suit because the allegation of negligence was premised on the assault. 235 S.W.3d at 44-45. On similar facts in *Penn-America Ins. Co. v. The Bar, Inc.*, 201 S.W.3d 91 (Mo. App. W.D. 2006), the court noted that, as here, the policy excluded injuries resulting from an assault "whether or not" caused by an insured's act or omission in preventing or suppressing the assault. *Id*. at 97. As the policy excluded both the actual assault and the alleged negligence that caused it, the insurer had no duty to defend the suit. *Id*. at 97-98. "This court has consistently held that negligence actions arising out of an assault and/or battery fall within the exclusionary language and are not covered under the policy." *Id*. at 96. *See also Capitol Indem. Corp. v. Callis*, 963

S.W.2d 247, 250 (Mo. App. W.D. 1997) (collecting cases and applying the assault and battery exclusion where a plaintiff claimed that the defendant bar was negligent in failing to protect him from assault by an employee).

Despite these precedents, Cooksey contends that, even if the assault and battery exclusion precludes coverage for failures to protect patrons or prevent or suppress bar fights, a theory of negligence for failure to *warn* is sufficiently different to create liability that *is* covered by the policy. Cooksey supplies no authority to support this position, and the Court finds it unpersuasive. In essence, Cooksey invokes the concurrent proximate cause rule without specifically referring to it. That rule states, "where an insured risk and an excluded risk constitute concurrent proximate causes of an accident, a liability insurer is liable as long as one of the causes is covered by the policy." *Braxton v. United States Fire Ins. Co.*, 651 S.W.2d 616, 619 (Mo. App. E.D. 1983). For the concurrent proximate cause rule to apply, "the injury must have resulted from a covered cause that is truly 'independent and distinct' from the excluded cause." *Taylor v. Bar Plan Mut. Ins. Co.*, 457 S.W.3d 340, 348 (Mo. 2015). To make this determination, "Missouri courts examine whether each alleged cause could have independently brought about the injury." *Allstate Ins. Co. v. Blount*, 491 F.3d 903, 911 (8th Cir. 2007).

For example, in *Hunt v. Capitol Indem. Corp.,* 26 S.W.3d 341 (Mo. App. E.D. 2000), the plaintiffs sued a bar owner for negligence after their son was stabbed by an intoxicated patron. The court held that the concurrent proximate cause rule did not apply because the negligence was not distinct from the assault and battery; rather, they were related and interdependent. *Id.* at 345. *See also Nationwide Affinity Ins. Co. v. Rutledge*,

7

No. 4:15-CV-1757-RWS, 2017 WL 85907, at *5 (E.D. Mo. Jan. 10, 2017) ("[W]ithout the excluded assault and battery, [plaintiff] would not have been injured and there would be no basis for [plaintiff]'s action against [defendant].").

This district court previously applied the above principles in a notably similar case and concluded that coverage did not apply. In *Century Surety v. Euro*, a plaintiff who was assaulted by other bar patrons sued the nightclub for negligence on theories of failure to provide adequate security, failure to train, failure to protect, and failure to warn. 2013 WL 2292043, at *1. Citing *Trainwreck* and *Callis* among others, the court concluded that the insurer did not have a duty to defend because, if the "real contention" in the underlying suit is that the plaintiff's injuries arose out of an assault and battery, which in turn arose out of defendant's negligence, then the injuries are excluded from coverage. *Id*. at *3 (citing *Callis*, 963 S.W.2d at 250). That is precisely the case here as well. Guided by the foregoing authorities, the Court concludes that the assault and battery exclusion precludes coverage for Cooksey's claims.

Cooksey offers no response in opposition to Lloyd's assertion that his claims are also precluded by a policy exclusion for liquor liability. The Court considers that issue waived and ultimately concludes that Lloyd's has no duty to defend or indemnify C&S in the underlying suit. Given this result, Lloyd's argument regarding the policy exclusion for punitive damages is moot, and Lloyd's is entitled to summary judgment as a matter of law.

8

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion for summary judgment filed by Plaintiff Certain Underwriters at Lloyd's London is **GRANTED.** Doc. 39.

**IT IS FURTHER ORDERED** that Plaintiff shall have seven (7) days to renew its motion for default judgment against C&S Properties, LLC.

A separate Judgment will accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of April 2022.